UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20335-CIV-GOLD/GOODMAN

JOSE GUILLERMO FLORES,

    Plaintiff,

v.

LABOR GROUP CORPORATION
and GEORGE L. CASTELLANOS,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

This Cause is before the Undersigned following the District Court's Order Regarding Defendant's Address and Vacating Order to Show Cause. [ECF No. 41]. The District Court referred the matter to the Undersigned to address "the effect, if any, of the incorrect address on the previously-entered default judgment," which was entered in August 2010 against defendants George L. Castellanos and his corporation, Labor Group Corporation ("Labor Group") (collectively, "the Defendants"). [*Id.*; ECF No. 28]. For the reasons explained below, the Undersigned **RESPECTFULLY RECOMMENDS** that the District Court enter an order **vacating the March 5, 2010 default and the August 30, 2010 final judgment.**

1

## I. BACKGROUND

In February 2009, plaintiff Jose Guillermo Flores filed a Fair Labor Standards Act (FLSA) complaint against the Defendants, seeking damages for unpaid overtime. [ECF No. 1]. The Defendants answered the complaint, but by June 2009, Flores' counsel had not been able to elicit a response from Castellanos regarding counsel's efforts to coordinate the preparation of a joint scheduling report and to schedule a mediation. [ECF No. 11, pp. 1-2]. As such, Flores moved for entry of default. *Id.* The District Court entered an order requiring the Defendants to "comply with all Court Orders, including the filing of the Joint Scheduling Report and participation in mediation," and requiring Castellanos to retain counsel to represent, at minimum, Labor Group. [ECF No. 13, p. 1]. The District Court also scheduled a telephonic status conference [*Id.* at p. 2], but Castellanos contacted chambers just before the hearing to advise that he would not be able to appear. [ECF Nos. 14; 15, p. 1].

After a second order requiring Castellanos to retain counsel to represent Labor Group, Castellanos advised that Labor Group was, for all practical purposes, defunct, and that Castellanos would be proceeding *pro se*. [ECF Nos. 15; 16, p. 1]. A default was then entered against Labor Group, and after Castellanos did not respond to a later show cause order, a default was entered against him individually as well. [ECF Nos. 17; 18; 23; 24]. On August 30, 2010, the District Court entered a final default judgment against

the Defendants for $34,800 in wages and liquidated damages, and $3,840 in fees and costs. [ECF No. 28].

Nearly two-and-a-half years later, Flores filed a motion for an order "compelling . . . Castellanos to appear for a deposition and to show cause why both [Castellanos and Labor Group] should not be sanctioned and held in contempt of court" for failing to respond to a subpoena for deposition in aid of execution. [ECF No. 29, pp. 1-2]. The District Court referred the motion to the Undersigned, and I issued a report recommending that the District Court issue an order: (1) compelling Castellanos to appear for deposition; (2) requiring Castellanos to show cause as to why the Defendants should not be sanctioned and held in contempt; and (3) awarding $350 in fees to Flores. [ECF Nos. 30; 31]. The District Court entered an Omnibus Order accepting the Undersigned's recommendations. [ECF No. 32].

Shortly thereafter, the District Court – having noted that Flores had served Castellanos' deposition subpoena at 620 NW **132nd** Place rather than the 620 NW **137th** Place address reflected on the docket, and that Court orders addressed to 620 NW 137th Place had been returned as undeliverable[1] – entered a *sua sponte* order vacating the Omnibus Order because it was unclear whether Castellanos had been receiving Court

---

[1] [*See* ECF Nos. 20 (regarding the District Court's order directing the Clerk to enter a default against Labor Group [ECF No. 17], and the Clerk's subsequent entry of default [ECF No. 18]); 26 (regarding the District Court's order directing the Clerk to enter a default against both Castellanos and Labor Group [ECF No. 23]); 36 (regarding the District Court's post-judgment Omnibus Order [ECF No. 32])].

orders. [ECF No. 41]. The District Court then referred the matter to the Undersigned "to provide a Report and Recommendation, addressing the effect, if any, of the incorrect address on the previously-entered default judgment . . . and a revised Report and Recommendation on [Flores'] Motion for Order to Show Cause . . . and related Notices of Noncompliance." [*Id.* at p. 2].

Pursuant to the District Court's referral, the Undersigned held a status conference on July 29, 2013 to ascertain whether the Defendants ever received notice of Flores' motion for default and the subsequent default judgment entered against them, given that Court orders, and the default and default judgment themselves, had been mailed to an incorrect address. [ECF No. 44]. The Undersigned also sought to learn when, if ever, one or both of the Defendants first heard about the default judgment, and why Castellanos did not appear for his scheduled post-judgment collection deposition after he was subpoenaed.

Castellanos attended the July 29 conference, and after being placed under oath, advised through an interpreter that he wished to challenge the default and default judgment entered against him individually.[2] The Undersigned then proceeded to question Castellanos about when he first heard about the final judgment that had been entered against him. Castellanos responded that he first learned of the outstanding

---

[2] Castellanos also advised that Labor Group would not be challenging the default judgment.

4

judgment against him from his insurance company, but that he had never received anything from the Court. Flores' counsel could not point to any evidence confirming that Castellanos was ever served with the judgment. Castellanos also confirmed that he sometimes resided at 620 NW 132nd Place and could be served there, and provided the Undersigned and Flores' counsel with a cellular telephone number, a land line number (which doubles as a fax line), and an email address at which he could be contacted.

After hearing Castellanos' testimony, the Undersigned afforded Castellanos the opportunity to challenge the default and default judgment by timely submitting the appropriate filing or filings within 10 days of the hearing date.[3] [ECF No. 45]. Castellanos timely submitted a filing on August 8, 2013.

## II. LEGAL STANDARD

The general rule in this Circuit is that defaults are generally disfavored, and that cases should be decided on their merits whenever reasonably possible. *E.g. Access for the Disabled, Inc. v. Milan Consulting, Inc.*, No. 12-62008-CIV, 2013 WL 322517, at *1 (S.D. Fla. Jan. 28, 2013); *United States v. Varmado*, 342 F. App'x 437, 441 (11th Cir. 2009) ("[t]he entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations").

---

[3] The Undersigned also advised Castellanos that I could not provide any advice as to what specific papers Castellanos should file, or which arguments he should raise, and I also explained that relief would not necessarily be granted even if Castellanos timely complied.

Pursuant to Federal Rule of Civil Procedure 60(b), a court may, on a party's motion and just terms, relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect, or for any other reason that justifies relief. Fed. R. Civ. P. 60(b).[4]

Although final judgments should not be "lightly reopened," *Griffin v. Swim–Tech Corporation*, 722 F.2d 677, 679–80 (11th Cir. 1984), courts must carefully interpret the provisions of the Rule "to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts." *Id.* at 680 (internal citation and quotation marks omitted) (emphasis in original).

In order to set aside a default judgment, a party must show: (1) that it had a good reason for failing to respond; (2) that it had a meritorious defense; and (3) that the opposing party would not be prejudiced if the judgment were set aside. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Id.*

A "good cause" standard applies to setting aside a default. *Saperstein v. Palestinian Auth.*, No. 04-20225-CIV, 2008 WL 4467535, at *11 (S.D. Fla. Sept. 29, 2008).

---

[4] Rule 60(b) also provides for other reasons upon which a party may be relieved from a final judgment, but none of them are applicable here. *See* Fed. R. Civ. P. 60(b)(2)-(5).

This standard "is a liberal one that varies from situation to situation," *Id.*, and is "less burdensome than the standard for setting aside a default judgment." *Singh v. Hopkins Meat Packing, Inc.*, No. 6:08–CV–1605–ORL–35KRS, 2008 WL 4922071, at *2 (M.D. Fla. Nov. 13, 2008) (citing *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527–28 (11th Cir. 1996)). To set aside an entry of default, a court must find that: (1) there was excusable neglect on the part of the defaulting party; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense. *Singh*, 2008 WL 4922071, at *2.

## III.     DISCUSSION

After hearing the parties' arguments at the July 29 status conference and reviewing the relevant portions of the record, including Castellanos' *de facto* motion to vacate the default and final judgment[5] and Flores' response thereto, the Undersigned respectfully recommends that the District Court vacate the default and final judgment entered against Castellanos individually.

---

[5]     Given Castellanos' *pro se* status, the Undersigned construes his August 8 filing as a *de facto* motion to vacate the default and default judgment. *See Timis v. Woodmere Lakes Homeowner's Ass'n, Inc.*, No. 13-61208-CIV, 2013 WL 3711688, at *2 (S.D. Fla. July 12, 2013) ("[i]n conducting its review of a *pro se* litigant's pleadings, courts construe them liberally and hold them to a less stringent standard than those drafted by attorneys"); *Stroud v. Bank of America*, No. 11-22489-CIV, 2012 WL 3150054, at *1 (S.D. Fla. Aug. 1, 2012) (court "is required to construe *pro se* filings liberally").

7

There is no evidence that Castellanos ever received the Clerk's entry of default, or the subsequent final default judgment. In fact, the docket reveals that Flores' motion for default [ECF No. 21], the District Court's order to show cause and order granting Flores' motion for default [ECF Nos. 22; 23], the Clerk's entry of default [ECF No. 24], Flores' motion for default judgment [ECF No. 25], the District Court's order granting in part Flores' motion for default judgment [ECF No. 27], and the final judgment itself [ECF No. 28] **were <u>all</u> mailed to the incorrect 137th Place address**. This supports Castellanos' statement that he did not know about the default and final judgment until after they had already been entered, and Flores' counsel could not point the Undersigned to any evidence rebutting that fact. Therefore, the incorrect listings of Castellanos' address kept Castellanos from knowing about what was occurring in this case until well after the final judgment had been entered against him. Stated differently, Castellanos simply had no notice that the default and default judgment were entered against him.

As for the issue of prejudice, based on the totality of the circumstances, the Undersigned cannot say that vacating the default and the final judgment will unfairly prejudice Flores. It is undisputed that Castellanos did not know of the default or final judgment entered against him until well after the fact, but what remains unclear is exactly *when* he first learned of the judgment. It is also unclear why Flores, upon learning of the incorrect address in November 2012, did not notify the District Court

that Castellanos had not been receiving notice of the proceedings in this case. [*See* ECF No. 42]. It was not until June 21, 2013 – after the District Court had noticed that the deposition subpoena attached to Flores' January 22, 2013 show cause motion indicated Castellanos had been served at an address different than the address on the docket [ECF No. 41, p. 2] – that Flores advised the District Court that he had found a "better" address. [ECF No. 42, p. 2].[6]

Moreover, vacating the default and the final judgment against Castellanos would not disturb the judgment entered against Labor Group. Castellanos has affirmatively represented that he will not be challenging the judgment entered against Labor Group, and as such, that judgment will remain intact.

Castellanos' *de facto* motion to vacate also advances what can be construed as a meritorious defense to Flores' claims. Among other things, Castellanos asserts that Flores was never a full time employee, but instead was hired as a temporary worker who was paid based on 30 to 40 hour weeks and never worked more than 40 hours per week. [ECF No. 46, pp. 3-5]. According to Castellanos, to the extent that Flores did any additional work, it was as an independent contractor on a task-by-task basis on various odd jobs Castellanos obtained from family and friends. [*Id.* at p. 4]. In those instances,

---

[6] Although Castellanos informally learned about the default and default judgment before the hearing, he never took steps to set it aside or otherwise seek relief until after the hearing. Thus, the second factor considered in deciding whether to set aside a default – whether the defaulting party responded promptly – is not one resolved in his favor.

9

Flores would be paid directly by the client. [*Id.*]. Flores acknowledges that these arguments go to Castellanos' claim of a meritorious defense. [ECF No. 47, p. 3].

## IV. CONCLUSION

As explained above, Castellanos' address being incorrectly listed on the default and default judgment in this case prevented him from knowing that a judgment had been entered against him until some unknown later date. Therefore, the Undersigned **respectfully recommends** that the District Court issue an order vacating the default and final judgment entered against Castellanos individually, and allowing the case to proceed on the merits.

However, this Report *also* recommends that Castellanos be specifically and unequivocally advised of the following: (1) he must comply with all applicable rules governing this case; (2) his *pro se* status does not immunize or excuse him from following rules and orders; (3) he must immediately advise the Clerk of the Court and Flores' counsel of any change in his contact information (including residential address, email address, and cell phone number); (4) he must <u>timely</u> respond to discovery requests, including deposition notices; (5) he must timely cooperate with Flores' counsel; and (6) he cannot ask the Court for strategic or procedural advice.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have **fourteen (14)** days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection no later than fourteen (14) days after the other party files their objections. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Court of an issue covered in this Report and Recommendations and from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, this 4th day of September, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Alan S. Gold
All counsel of record
George L. Castellanos
620 NW 132nd Place
Miami, FL 33182
George L. Castellanos
2825 SW 81st Avenue
Miami, FL 33155